**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES WAYNE UPTERGROVE,<br><br>        Petitioner,<br><br>    v.<br><br>SHERIFF DONNY YOUNGBLOOD,<br><br>        Respondent. | Case No. 1:13-cv-01664-AWI-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR FAILURE TO EXHAUST JUDICIAL REMEDIES (DOC. 1) AND TO DIRECT THE CLERK TO CLOSE THE CASE<br><br>OBJECTIONS DEADLINE:<br>THIRTY (30) DAYS |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.  Pending before the Court is the petition, which was filed on October 16, 2013.

   I.   Screening the Petition

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).  Habeas Rule 4 requires the Court to make a preliminary review

1

of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief

can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

## II. <u>Background</u>

Petitioner alleges that he is in the custody of Respondent Sheriff Donny Youngblood at Kern County's Lerdo Facility pursuant to an indictment filed in this Court in case number 1:13-cr-362-AWI-BAM. Petitioner recites that he appeared in court on October 15, 2013, but he did not acknowledge understanding of his rights, the charges, or the nature of the proceedings; he entered a pleas of "*coram non judice* through *non assumpsit*." *(*Pet., doc. 1, 2.) Petitioner argues that the Court has failed to prove its jurisdiction over the subject matter or the person of Petitioner. Petitioner seeks review by this Court of the legality of Petitioner's detention and an order from the Court's senior judge to Respondent to present proof of Respondent's lawful authority to detain Petitioner.

Reference to the docket of the criminal proceeding shows that Petitioner was charged in connection with multiple counts of false claims for tax refunds by an indictment filed on September 26, 2013. Petitioner was arraigned before the undersigned Magistrate Judge on October 15, 2013; counsel was appointed for Petitioner, a plea of not guilty was entered, and Petitioner was ordered detained. (Case no. 1:13-cr-362-AWI-BAM.)[1]

///

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D.Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

III. Failure to Exhaust Judicial Remedies

In the absence of exceptional circumstances, in order to be eligible for habeas corpus relief under 28 U.S.C. § 2241 as a federal pretrial detainee, a petitioner is required first to exhaust all available judicial remedies. Jones v. Perkins, 245 U.S. 390, 391-92 (1918); Riggins v. United States, 199 U.S. 547, 548-49 (1905).

Here, Petitioner challenges the jurisdiction of the Court and the legality of his detention pursuant to the indictment. Petitioner is thus asserting defenses to the charges and challenges to the jurisdiction of the Court to proceed with the charges. Petitioner has been arraigned and has entered a plea, so there will be ample opportunities for Petitioner, who has the benefit of counsel, to raise these matters and defenses during the course of the criminal proceedings. There is no basis for a conclusion that there are any extraordinary circumstances that would warrant a departure from the firmly established principle of requiring a defendant facing federal criminal charges to undergo trial and exhaust all judicial remedies before resorting to § 2241. Petitioner may be entitled to release on conditions pursuant to 18 U.S.C. §3142, subject to a report and recommendation by the Pretrial Services Agency. See 18 U.S.C. §3154.

Accordingly, it will be recommended that the petition be dismissed for Petitioner's failure to exhaust his federal judicial remedies.

IV. Recommendations

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED without

prejudice for Petitioner's failure to exhaust his federal judicial remedies; and

    2) The Clerk be DIRECTED to close the action.

    These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:  **October 22, 2013**          /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE